MEMORANDUM **
George Johnson, a California state prisoner, appeals pro se from the district court’s summary judgment in his 42 U.S.C. § 1983 action alleging prison officials violated his civil rights by disciplining him for refusing to comply with prison hair grooming regulations that violated his Rastafarian religious principles. We have jurisdiction under 28 U.S.C. § 1291. We review *596 de novo. Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam). We affirm in part and vacate in part.
The district court properly granted summary judgment on Johnson’s First Amendment claim because the hair grooming regulation was “reasonably related to legitimate penological interests.” Henderson v. Terhune, 379 F.3d 709, 715-16 (9th Cir.2004).
The district court properly granted summary judgment on Johnson’s claim under the Religious Land Use and Institutionalized Persons Act (“RLUIPA”) based on qualified immunity because the law was not clearly established at the time the violation occurred. See Warsoldier v. Woodford, 418 F.3d 989, 997 (9th Cir.2005) (“There exists little Ninth Circuit authority construing RLUIPA.”); May v. Baldwin, 109 F.3d 557, 565 (9th Cir.1997) (holding that similar regulations affecting religiously mandated hairstyles did not violate RLUIPA’s predecessor statute, the Religious Freedom Restoration Act).
The district court concluded that there was no evidence that Johnson suffered a deprivation that would rise to an Eighth Amendment violation. However, Johnson’s verified complaint alleged that, while on C-status, he was denied access to the prison yard for months at a time. See Jones v. Blanas, 393 F.3d 918, 923 (9th Cir.2004) (explaining that, where the plaintiff is pro se, the court must consider as evidence on summary judgment contents of a verified pleading that are based on personal knowledge). Moreover, defendants’ summary judgment motion did not dispute this claim. Because “some form of regular outdoor exercise is extremely important to the psychological and physical well being” of prisoners, this court has repeatedly held that long term deprivation of outdoor exercise can constitute cruel and unusual punishment under the Eighth Amendment. Spain v. Procunier, 600 F.2d 189, 199 (9th Cir.1979); Lopez v. Smith, 203 F.3d 1122, 1133 (9th Cir.2000) (en banc) (holding that the deprivation of outdoor exercise for forty-five days constituted cruel and unusual punishment). Accordingly, we vacate summary judgment for defendants on the outdoor exercise claim and remand so that the district court may more fully consider whether Johnson’s alleged deprivation of outdoor exercise violated the Eighth Amendment.
Each party shall bear its own costs on appeal.
AFFIRMED in part, VACATED in part, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.